BERGEN COUNTY ORPHANS COURT.

## IN THE MATTER OF THE ESTATE OF MARY ELIZABETH DAVIS, DECEASED.

Decided September 12, 1940.

WEBER, Judge. Mary Elizabeth Davis executed a will dated November 21st, 1932, which was admitted to probate by the surrogate of Bergen county on October 24th, 1936; and, on January 20th, 1937, a petition of appeal from the probate of this will was filed. The will, dated November 21st, 1932, was executed by the decedent and left with the Rutherford Trust Company for safe-keeping. The testatrix at that time, or, at some subsequent time thereto, had a safe deposit box in the Rutherford Trust Company but, the will was never kept in that box. In the year 1934, decedent made another will, inconsistent with the first will, which will contained a clause expressly revoking any previous wills. This later will was left with the Hackensack Trust Company, which was named the executor thereof. In the year 1935, decedent made another will, inconsistent with the terms and provisions of the 1932 will, which will, also by its express terms, revoked any previous wills.

After the execution of the 1934 will, the testatrix asked Mrs. Heise: "If I have any other wills, will this cancel them?" And, Mrs. Heise answered in the affirmative.

When the 1935 will was executed, Mrs. Davis asked Mr. Waesche, who prepared the wills, if she could be sure that the new will revoked all previous wills and that he told her that it would but that, nevertheless, she should destroy the 1934 will. The 1934 will was lost or destroyed. The 1935 will could not be found after the death of decedent and the courts of this state held that the will was destroyed by her *animo revocandi*.

The 1932 will was, at all times, retained in the custody of the Rutherford Trust Company and the decedent never had possession of it from the date of the making thereof. This, therefore, presents for consideration, the question as to whether or not the 1932 will was revoked by the execution of the 1934 and 1935 wills and, if revoked, whether or not the 1932 will was revived by the revocation of the 1934 and 1935 wills.

Appellant contends that it was the intention of the testatrix to revoke the will dated November 21st, 1932; and, that such will was actually revoked by the execution of the later wills. In this state, there are several cases in which the question decided is somewhat similar to the question to be decided in this instance. *In re Block Estate,* 15 *N. J. Mis. R.* 233; 190 *Atl. Rep.* 315, is a case where testator executed a will in 1922, leaving it with his attorney to keep for him. In 1928, the testator returned to him and executed a second will, telling the attorney to keep both, because "he wanted to see how the children are going to act towards me." Later, testator obtained the 1928 will from his attorney and took it home. The 1928 will was not found and was deemed to have been destroyed by the testator *animo revocandi* and the 1922 will was offered for probate. The Essex County Orphans Court, in that instance, admitted the 1922 will to probate upon the theory that the will of 1922 was never revoked by the 1928 will. On page 241, the court said: "The question is not one of revivorship at all. It is a question of revocation pure and simple. In the light of the above provisions of the New Jersey statute as to revocation and not revivor, we consider first whether the later will has been revoked or not. If not, it stands, its revoking clause is effective, and the

earlier will is revoked. If, on the other hand, the later will has been revoked under the statute, then we consider whether the earlier will has been revoked, *under the circumstances surrounding it*. If it has been revoked, in one of the ways provided for by the statute, or it cannot be proven because it cannot be found, there is intestacy. But, if not so revoked, it stands." *In re Randall* v. *Beatty,* 31 *N. J. Eq.* 643, is a case in which testatrix, in 1870, executed a will. In 1873 she executed another will, wholly inconsistent with the 1870 will, which later will was canceled by her. A proof showed that the will of 1870 was never destroyed; that it, at all times, remained in the possession of the testatrix until her death; and, after her death, it was offered for probate. The Orphans Court there admitted the will to probate, which probate was affirmed by the Prerogative Court. The court, on page 646, said: "The fact that she so kept the will is the most cogent evidence of her intention that it should be revived by the cancellation of the will of 1873." On page 646 the court further said: "In *Uslicke* v. *Bawden, ubi supra,* the fact that a testator kept the prior will in her possession after the making of the later one, which expressly revoked the former, would raise a strong presumption that he meant that it should revive on the cancellation of the revocatory will. In this case, this presumption could not be overcome by the hearsay testimony (for it is incompetent for the purpose) of witness as to the statements of the testatrix before referred to." *Moore's Case,* 72 *N. J. Eq.* 371, is a case in which the will offered for probate was dated December 12th, 1882; decedent executed another will in the year 1900, which later will was inconsistent with the earlier one and which later will also contained an express revocation of all former wills. It was there contended by the proponent upon application for probate of the earlier will that the destruction and revocation of the later will, revived the earlier one. The proof showed that the original will was not retained by the decedent in the place in which he kept his important papers, and to which he frequently resorted for examination of them. It was found with old letters and had been partially burned. The court, on page 374, said: "For the respondents the

contention is, first, that the construction of the revocatory clauses of the wills statute was erroneous, but, second, that if it was not erroneous or is binding upon this court, in the present case, the circumstances proved clearly indicated that Daniel Moore did not, in fact, intend to revive or re-establish any former will. In *Randall* v. *Beatty, ubi supra,* Chancellor Runyon admits that it must appear, in order that the revocation of a later will shall operate to revive a former will, *from the circumstances surrounding the transaction,* that the testator intended to revive the former will. Assuming then that such construction of the statute of wills is correct, it admits of no doubt, in my judgment, that Daniel Moore in this case, if he did execute the paper-writing in question, did not intend that it should be revived by the destruction of the will drawn by Mr. Barrett and executed by Mr. Moore in 1900. The will construed in Randall *v.* Beatty had been retained by the testatrix, kept with her husband's will in the place of deposit for her valuable papers, and was found there at her death, and this circumstance was seized upon to indicate that when she destroyed a will of later execution she intended to revive the will which she had preserved so carefully."

All of the cases above set forth consider the question of revocation and, the opinion in all of them, recite that the *circumstances surrounding the testatrix' acts were taken into consideration in arriving at a decision as to the revocation and revivor.* This, therefore, brings to the consideration of the court the question as to whether or not it was the intention of the testatrix, by the execution of the later wills; by the inclusion in those wills of a revocation clause as to prior wills; and, by her acts and conduct *under the circumstances surrounding the transaction,* to revoke the will dated November 21st, 1932. The statute, concerning the revocation of written wills, provides:

No written will, or any devise or bequest therein, or any clause thereof, may be revoked except by:

(a) Burning, canceling, tearing or obliterating the same by the testator himself or in his presence by his direction and consent; or

(b) Another will or codicil in writing revoking or altering the same, or other writing declaring the revocation executed in the manner in which wills are required by law to be executed.

It has been proven that the testatrix made two wills after the November 21st, 1932, will and, each of said wills expressly revoked any former wills. The execution of those wills complied with the provisions of section (b), above set forth. But, because both of the later wills were revoked by the testatrix, there is presented the question as to whether or not the November 21st, 1932, will was revived by the revocation of the later wills. It is, therefore, necessary to determine, from the circumstances surrounding the transaction, whether or not the testatrix intended to revive the previous will. For a period of about ten years prior to her death, with the exception of two periods of about one and one-half years each, the testatrix lived with the principal beneficiary named in the 1934 and 1935 wills. During one of such periods, when she was living at Rutherford, Bergen County, New Jersey, the same community wherein the residuary legatee named in the 1932 will lived, she executed that will. After the execution of that will, in the year 1934, she moved to Hackensack, Bergen County, New Jersey, and, at all times thereafter and until her death, lived at the home of the residuary legatee named in the 1934 and 1935 wills. The will dated November 21st, 1932, was never, after the making thereof, in the physical custody or possession of the testatrix but, was at all times, retained by the Rutherford Trust Company in its custody. The testatrix, at the time of the execution of each of the two later wills, made an express inquiry as to whether or not all prior wills were revoked and of no further force and effect, which indicated definitely that she was of the opinion that the 1932 will, after being once revoked, remained revoked.

In view of all the testimony before me, I have come to the conclusion that it was the intention of the testatrix to revoke the November 21st, 1932, will and that it was not her intention, by the revocation of the 1934 and 1935 wills, to revive the 1932 will. But, rather, that it was her intention

to die intestate. The probate of the will dated November 21st, 1932, shall, therefore, be set aside.

The proponent, at the time of trial, made a motion to dismiss the appeal because the proponent had been served only with a citation and not with a copy of the petition for appeal. This motion is denied, because the records of this court show that a petition of appeal was duly served upon the proponent, as appears from the acknowledgment of service endorsed upon the original.

Counsel for William Z. Earle and Anna P. Earle objected to the appearance of the executor named in the will dated November 21st, 1932, and the attorney selected by the executor. I find such objection to be without merit and, accordingly, overrule the same.